**FILED**

JAN 1 0 2012

Clerk, U.S. District & Bankruptcy
Courts for the District of Columbia

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

O.G. Mattox,                              )
                                          )
            Plaintiff,                    )
                                          )
    v.                                    )     Civil Action No. **12 0030**
                                          )
                                          )
Pon's Engineering,                        )
                                          )
            Defendant.                    )

MEMORANDUM OPINION

This matter is before the Court on its initial review of the plaintiff's *pro se* complaint and application to proceed *in forma pauperis*. The application will be granted and the complaint will be dismissed for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3) (requiring dismissal of an action "at any time" the Court determines that it lacks subject matter jurisdiction).

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332. Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000. A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction. *See* Fed. R. Civ. P. 8(a).

Plaintiff is a resident of Milwaukee, Wisconsin, suing an engineering business in Milwaukee, Wisconsin. The unwieldy complaint is difficult to follow, but plaintiff seeks workers' compensation under Wisconsin law and judicial review of decisions issued by "the lower courts of Wisconsin and the [Appeals] Courts of Chicago IL." Compl. at 1-2.

As a general rule applicable here, this court lacks jurisdiction to review the decisions of other courts. *See Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994), *cert. denied* 513 U.S. 1150 (1995). In addition, the complaint neither presents a federal question nor provides a basis for diversity jurisdiction because both parties are based in Wisconsin. *See Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.") (citations omitted). A separate Order of dismissal accompanies this Memorandum Opinion.

Date: January __4__, 2012

_____
United States District Judge